IN THE CIRCUIT COURT OF ST. FRANCOIS COUNTY
AT FARMINGTON, MISSOURI

| | |
|---|---|
| LISA K. NELSON, </br></br> 2910 Weible Road </br> Bonne Terre, Missouri 63628 </br></br> Plaintiff, </br></br> v. </br></br> WALMART INC., </br></br> 407 North State Street </br> Desloge, Missouri 63601 </br></br> **SERVE:** **Registered Agent** </br> **CT Corporation System** </br> **120 South Central Avenue** </br> **Clayton, Missouri 63105** </br></br> Defendant. | Cause No.: </br></br> Division No.: </br></br></br></br></br></br></br></br> Personal Injury </br> In excess of $25,000.00 </br> **JURY TRIAL REQUESTED** |

**PETITION FOR DAMAGES**
**(GENERAL NEGLIGENCE)**

COMES NOW plaintiff Lisa K. Nelson (hereafter "plaintiff") and for her cause of action against Walmart Inc. (hereafter "defendant") states as follows:

1. Plaintiff is and was at all times relevant hereto a resident of Missouri, residing in the City of Bonne Terre.

2. Defendant is and was at all times relevant hereto a foreign corporation authorized and licensed to do business and doing business in the State of Missouri.

3. At all times relevant hereto defendant operated a retail establishment known and hereafter referred to as "the Walmart Supercenter" or "the Supercenter" out of the building located at 407 North State Street in Desloge, St. Francois County, Missouri.

4. A Subway restaurant (hereafter "Subway" or "the Restaurant") is located and operates within the Supercenter.

5. At all times relevant hereto, plaintiff worked at the Subway restaurant.

6. On May 18, 2020, at approximately 7:00 a.m., plaintiff reported to work at the Subway restaurant and observed water pouring from the Supercenter into the Restaurant.

7. Plaintiff immediately notified Walmart Supercenter personnel about the problem.

8. On numerous occasions thereafter that day, plaintiff and her co-workers continued to notify Walmart Supercenter personnel of the ongoing influx of water from the Supercenter into the Restaurant.

9. The influx of water from the Walmart Supercenter into the Restaurant, however, continued unabated and unremedied by defendant, thereby creating a dangerous and unsafe condition for Subway's workers and customers.

10. In the early afternoon of May 18, 2020, at approximately 1:00 p.m., while filling a customer's order, plaintiff slipped on water from the Walmart Supercenter that had flooded the Restaurant floor and fell to the Restaurant floor, thereby sustaining serious and permanent injuries to various parts of the body, including, but not limited to:

> A right distal radius comminuted displaced fracture with ulnar fracture that required closed reduction and percutaneous pinning;
>
> Post-traumatic right wrist carpal tunnel syndrome that required open carpal tunnel release;
>
> A boutonniere deformity to the right fourth finger at the metacarpophalangeal joint that required surgical repair; and

2

Permanent scarring and disfigurement to the right forearm, wrist and hand.

11. Plaintiff's injuries and scarring and disfigurement, as set out above, were proximately caused by defendant's negligence and carelessness in the following respects:

    a. Defendant, by and through its agents and employees, had actual knowledge of the dangerous and unsafe condition referred to in paragraphs 6-10 above;

    b. Defendant failed to take timely and appropriate measures to stop the influx of water from the Supercenter into the Restaurant; and

    c. Defendant failed to take timely and appropriate measures to remove the water that had flooded the Restaurant floor and to dry the Restaurant floor.

12. Further, as a direct and proximate result of defendant's negligence, as set out in paragraph 11 above:

Plaintiff has required medical and hospital care, including surgeries, tests, medication, therapy, counseling, and supplies, and in the future may be required to receive further medical treatment and care;

Plaintiff has suffered, at present suffers, and will continue to suffer a loss of wages and employment benefits and plaintiff's wage earning capacity has been seriously diminished in an amount uncertain at this time; and

Plaintiff has been unable and remains unable to perform her normal activities, to plaintiff's damage in an amount uncertain at this time.

WHEREFORE, plaintiff prays for judgment against defendant:

1. For actual damages in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000.00);

2. For post-judgment interest;

3. For court costs; and

4. For such further relief as the Court deems just and proper.

Respectfully submitted,

KRETMAR, BEATTY, SANDZA & GREGORY

By:     /s/ Gerald Kretmar
Gerald Kretmar   #25808
Andrew J. Gregory   #56731
2025 S. Brentwood Blvd., Suite 20
St. Louis, Missouri 63144
(314) 721-8685
(314) 721-7851 (Fax)
kretmar@sbcglobal.net
andrewjgregory@gmail.com

Attorney for Plaintiff Lisa K. Nelson

Electronically Filed - St. Francois - May 27, 2022 - 01:22 PM